# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## Clarksburg Division

FRANK GOINES, II

    Plaintiff,

v.

THUNDER NICHOLSON, individually and
in his official capacity as a Trooper for the
West Virginia State Police, JOHN WYATT,
Individually and in his official capacity as
a Trooper for the West Virginia State Police, and
JEREMY FARLING, individually and in his official
capacity as a Sheriff Deputy for the Preston
County Sheriff's Department,

    Defendants.

ELECTRONICALLY FILED
10/23/2023
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.: 1:23-cv- 83 Kleeh

## COMPLAINT

**COMES NOW**, Plaintiff Frank Goines, II, by counsel, and for his Complaint, states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 and under this Court's authority to decide pendent state law claims.

2. Plaintiff files this Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Specifically, Plaintiff alleges that his rights under the

Fourth Amendment to the United States Constitution and under Article III, Sections 6 and 10 of the West Virginia Constitution were violated by the Defendants when Defendants Thunder Nicholson, John Wyatt, and Jeremy Farling, wrongfully and illegally arrested and detained of Plaintiff on February 21, 2022, in the City of Kingwood, Preston County, West Virginia.

3. Venue is proper because the above-named Defendant resides in the Northern District of West Virginia, Clarksburg Division.

## PARTIES

4. Plaintiff Frank Goines, II (hereinafter "Plaintiff") was at all times relevant hereto a resident of Kingwood, Preston County, West Virginia.

5. Defendant Thunder Nicholson ("Nicholson") is a Trooper with the West Virginia State Police, and at all times relevant to this action was acting in that capacity and under the color of State.

6. Defendant Nicholson is being sued in his individual and official capacity as a Trooper with the West Virginia State Police.

7. Defendant John Wyatt ("Wyatt") was a Trooper with the West Virginia State Police, and at all times relevant to this action was acting in that capacity and under the color of State.

8. Defendant Wyatt is being sued in his individual and official capacity as a Trooper with the West Virginia State Police.

9. Defendant Jeremy Farling ("Farling") was a Deputy with the Preston County Sheriff's Department, and at all times relevant to his action was acting in that capacity and under the color of State.

10. Defendant Farling is being sued in his individual and official capacity as a Deputy with the Preston County Sheriff's Department.

## FACTS

11. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 10 as though fully set forth herein.
12. In the afternoon of February 21, 2022, the Plaintiff, who is a black man, was at his home in Kingwood, West Virginia, when his adult sister, who did not reside in the home, began arguing with him regarding an issue with their mother.
13. Plaintiff, fearing that his sister would become physical, called 911 seeking assistance in removing his sister from his home.
14. Upon information and belief, Defendant Farling was dispatched to Plaintiff's home.
15. When Defendant Farling arrived at Plaintiff's home, the Plaintiff came out on his front porch with the front door open and explained why he had called 911 and that his sister had left the home.
16. Defendant Farling asked Plaintiff who was in the home, and Plaintiff told him that he and his wife, who was standing in the doorway, were at home. During the conversation, Plaintiff's mother could be heard from inside the home speaking to the Plaintiff and Defendant Farling.
17. Thereafter, Defendant Farling tells Plaintiff that he has "lied" to him, because he didn't tell Defendant Farling that Plaintiff's mother was also in the home.
18. Plaintiff denied lying to Defendant Farling and explained that he thought Defendant Farling wanted to know who was present when his sister had been

arguing with him and informed Defendant Farling that his mother had been in her room when his sister was arguing with him.

19. After being called a liar by Defendant Farling, Plaintiff returned to the inside of his home. Defendant Farling questioned Plaintiff's wife on the front porch of Plaintiff's home, and when the Plaintiff's wife was done speaking with Defendant, she entered the home and attempted to shut the door. At that time Defendant Farling illegally and wrongfully pushed through the door and grabbed Plaintiff's wife by the hands and placed them behind her back, but stopped when he saw that Plaintiff was videoing what was going on with his phone.

20. Defendant Farling then exited the Plaintiff's home and had a conversation on the front porch with Plaintiff's mother.

21. Plaintiff's mother confirms that her daughter had started an argument with the Plaintiff and that is why Plaintiff called 911. Plaintiff's mother further confirmed that her daughter had left the premises prior to Defendant Farling arrival at the home.

22. While Defendant Farling was on the Plaintiff's porch speaking with Plaintiff's mother, Defendants Nicholson and Wyatt arrived at the home.

23. After speaking with Plaintiff's mother, Defendant Farling began yelling at Plaintiff through a window to come out of the house and speak with him. Defendant Farling had previously informed Plaintiff that he was not under arrest for anything.

- 5 -

24. As directed by Defendant Farling, Plaintiff came out of the house and off the porch, holding his cell phone with both hands in front of him. At that time all of the Defendants grabbed Plaintiff by his arms, forcefully removed the cell phone from his hands, placed Plaintiff's hands behind his back and handcuffed him.

25. Prior to Plaintiff coming out of his house, Defendant Wyatt told Defendant Nicholson to arrest Plaintiff for obstruction. Plaintiff was placed handcuffed in the back of Defendant Nicholson's cruiser and taken to the Preston County Sheriff's Office, where he was further searched, fingerprinted, and photographed. Plaintiff was then transported to the Preston County Magistrate Court where he was arraigned and had to post bail.

26. Plaintiff was under the conditions of bail for eleven (11) months until the Preston County Prosecuting Attorney dismissed the obstruction charge on or about January 11, 2023.

## COUNT I – ILLEGAL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28. Defendants Nicholson, Wyatt, and Farling, while acting under color of law, violated Plaintiff's constitutional rights by unlawfully coming into Plaintiff's home, without a warrant or cause, as described hereinabove, and forcibly arresting the Plaintiff on February 21, 2022.

29. The actions of Defendants Nicholson, Wyatt and Farling violated the constitutional rights guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution.

30. The actions of Defendants Nicholson, Wyatt and Farling were not taken in good-faith and were in violation of clearly established law.

31. Defendants Nicholson, Wyatt, and Farling's brutal acts were unlawful, unreasonable, and unjustified, as Plaintiff was unarmed, in his home, not resisting arrest, did not obstruct the officers, and posed no immediate threat to the safety of Defendants or others.

32. As a direct and proximate result of Defendants' unprovoked, unjustified, and unconstitutional arrest of the Plaintiff and actions thereafter, Plaintiff suffered injuries, and will seek compensation for: pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

33. In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and cost incurred during the course of this litigation.

34. The actions of Defendants against the Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to the Plaintiff, thereby justifying an award of punitive damages.

## COUNT II – STATE CONSTITUTIONAL VIOLATIONS

35. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 34 as though fully set forth herein.

36. Defendants while acting under color of law, violated Plaintiff's constitutional rights by using excessive and unlawful force, as described hereinabove, during the detainment and arrest of Plaintiff on February 21, 2022.

37. Count II alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. § 1983 or any other related federal statute.

38. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 6 and 10 of the West Virginia Constitution.

39. The actions of Defendants also violated the constitutional rights guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

40. The actions of Defendants were not taken in good faith and were in violation of clearly established law.

41. Defendants' actions against the Plaintiff on February 21, 2022 were unlawful, unreasonable, and unjustified, as Plaintiff was unarmed, not resisting arrest, and posed no immediate threat to the safety of the Defendants.

42. As a direct and proximate result of Defendants' brutal, unprovoked, unjustified, and unconstitutional entry into Plaintiff's home and subsequent arrest, Plaintiff seeks compensation for: pain and suffering in both the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future;

annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

43. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

## COUNT III – BATTERY

44. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 43 as though fully set forth herein.

45. Defendants committed battery upon Plaintiff.

46. As a direct and proximate result of Defendants' brutal, unprovoked, and unjustified grabbing and hand-cuffing, Plaintiff will seek compensation for: economic and noneconomic damages; pain and suffering in both the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

47. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

## COUNT IV – NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS

48. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 47 as though fully set forth herein.

49. At all times relevant hereto, Defendants owed Plaintiff a duty of care.

50. Defendants while acting within the scope of their employment with the West Virginia State Police and/or Sheriff's Department of Preston County, West Virginia, breached their duty of care to Plaintiff.

51. As a direct and proximate result of Defendants' breach of their duty of care, Plaintiff suffered injuries.

52. As a direct and proximate result of Defendants' unprovoked entry into Plaintiff's home and subsequent arrest, Plaintiff suffered injuries, and will seek compensation for: economic and noneconomic damages; pain and suffering in both the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

53. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 53 as though fully set forth herein.

55. The illegal and wrongful arrest of the Plaintiff and the actions of the Defendants were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

56. Defendants acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain the emotional distress would result from their outrageous conduct.

57. Defendants' heinous actions caused Plaintiff to suffer emotional distress.
58. The emotional distress was so severe, no reasonable person could be expected to endure it.
59. As a direct and proximate result of Defendants' illegal and wrongful actions, Plaintiff suffered severe emotional distress; mental and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.
60. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages.

## COUNT VI – ABUSE OF PROCESS

61. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 60 as though fully set forth herein.
62. Defendant Nicholson, with the assistance of the other Defendants filed a criminal complaint against Plaintiff and initiated the prosecution of Plaintiff on false charges.
63. The criminal complaint contained false statements made to cover-up and/or justify Defendants' unlawful and unconstitutional actions, as set forth hereinabove.
64. Defendants' false complaint resulted in the Plaintiff being arrested, wrongfully detained, criminally processed, and having to post a bond, and was a willful, malicious, and/or intentional abuse or misuse of lawful process for the

accomplishment of a wrongful objective; namely, to cover-up and/or justify Defendants' wrongful conduct.

65. The criminal complaint and charges were without reasonable or probable cause, and were fabricated by Defendants to cover-up and/or justify their unlawful actions and were subsequently dismissed by the Preston County Prosecuting Attorney.

66. As a direct and proximate result of Defendants' abuse of process, Plaintiff has suffered damages, including but not limited to, emotional pain and suffering, annoyance, aggravation, inconvenience, mental anguish, and humiliation, as well as damage to his name and reputation.

**WHEREFORE**, Plaintiff demands judgment in his favor against the Defendants in an amount to be proven at trial, together with pre-judgment and post-judgment interest; for all damages recoverable under law; for punitive damages; for his attorney's fees and expenses, and costs of litigation; and for other and further relief this Honorable Court deems just and proper.

**FRANK GOINES, II**,

By Counsel

_____
J. Bryan Edwards, W. Va. State Bar ID 6886
CRANSTON & EDWARDS, PLLC
1200 Dorsey Ave., Suite II
Morgantown, WV 26501
(304) 296-3500
bedwards@cranstonedwards.com