```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FRANK GOINES, II,**

      **Plaintiff,**

    **v.**                                              **CIVIL NO. 1:23-CV-83**
                                                                              **(KLEEH)**

**THUNDER NICHOLSON,**
**JOHN WYATT, and**
**JEREMY FARLING,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING AMENDED PARTIAL MOTION TO DISMISS [ECF NO. 11]**

Pending before the Court is an Amended Partial Motion to Dismiss. For the reasons discussed herein, the Court **GRANTS** the motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Frank Goines ("Plaintiff") asserts that Defendants Thunder Nicholson ("Nicholson"), John Wyatt ("Wyatt"), and Jeremy Farling ("Farling") (together, "Defendants") wrongfully and illegally arrested and detained him on February 21, 2022, in Kingwood, West Virginia. Compl., ECF No. 1, at ¶ 2. Nicholson and Wyatt filed an amended partial motion to dismiss on November 22, 2023. It is fully briefed and ripe for review. Farling joined in and adopted by reference Section III.B of the memorandum in support of the motion to dismiss. The court convened a hearing on the motion on February 14, 2024.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AMENDED PARTIAL MOTION TO DISMISS [ECF NO. 11]**

## II.  FACTS

The following set of facts is taken from the Complaint. Nicholson is a trooper with the West Virginia State Police (the "State Police") and is being sued in his individual and official capacities. Id. ¶¶ 5-6. Wyatt was also a trooper with the State Police and is being sued in his individual and official capacities. Id. ¶¶ 7-8. Farling was a deputy with the Preston County Sheriff's Department and is being sued in his individual and official capacities. Id. ¶¶ 9-10.

The afternoon of February 21, 2022, Plaintiff, who is a black man, was at his home in Kingwood, West Virginia, when his adult sister, who did not reside in the home, began arguing with him about an issue involving their mother. Id. ¶ 12. Plaintiff, fearing that his sister would become physical, called 911, seeking assistance in removing his sister from his home. Id. ¶ 13. Farling was dispatched to Plaintiff's home. Id. ¶ 14. When Farling arrived, Plaintiff came to the front porch with the door open, explained why he called 911, and told Farling that his sister had left. Id. ¶ 15. Farling asked Plaintiff who was in the home, and Plaintiff told him that he and his wife, who was standing in the doorway, were at home. Id. ¶ 16. During the conversation, Plaintiff's mother could be heard inside the home speaking to Plaintiff and Farling. Id.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AMENDED PARTIAL MOTION TO DISMISS [ECF NO. 11]**

Farling then told Plaintiff that Plaintiff "lied" because he did not tell Farling that Plaintiff's mother was also in the home. Id. ¶ 17. Plaintiff denied lying and explained that he thought Farling wanted to know who was present during his argument with his sister, and his mother had been in her room during the argument. Id. ¶ 18. Plaintiff then returned inside his home. Id. ¶ 19. Farling and Plaintiff's wife spoke more, and then Plaintiff's wife attempted to return inside. Id. As she entered the home and attempted to shut the door, Farling pushed through the door, grabbed her by the hands, and placed them behind her back. Id. When Farling saw that Plaintiff was video recording, he stopped. Id.

Farling then exited the home and spoke with Plaintiff's mother on the porch. Id. ¶ 20. Plaintiff's mother confirmed that her daughter had started an argument with Plaintiff, which is why Plaintiff called 911. Id. ¶ 21. Plaintiff's mother confirmed that her daughter had left before Farling arrived. Id. While Farling speaking with Plaintiff's mother, Nicholson and Wyatt arrived. Id. ¶ 22. Farling then began yelling at Plaintiff through a window to come out and speak with him. Id. ¶ 23. Farling had previously told Plaintiff that he was not under arrest for anything. Id. Wyatt told Nicholson to arrest Plaintiff for obstruction. Id. ¶ 25.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AMENDED PARTIAL MOTION TO DISMISS [ECF NO. 11]**

As directed, Plaintiff came out of the house and off the porch, holding his cell phone with both hands in front of him. Id. ¶ 24. At that time, all three defendants grabbed Plaintiff by his arms, forcefully removed the cell phone from his hands, placed his hands behind his back, and handcuffed him. Id. Plaintiff was placed in the back of Nicholson's cruiser and taken to the Preston County Sheriff's Office, where he was searched, fingerprinted, and photographed. Id. ¶ 25. Plaintiff was then transported to Preston County Magistrate Court, where he was arraigned and posted bail. Id. Plaintiff was under the conditions of bail for 11 months, until January 11, 2023, when the Preston County Prosecuting Attorney dismissed the obstruction charge. Id. ¶ 26.

Based on these facts, Plaintiff brings the following causes of action:

(1) Illegal Search and Seizure Under 42 U.S.C. § 1983;

(2) Violations of the West Virginia Constitution: Article III, Sections 6 and 10;

(3) Battery;

(4) Negligence, Gross Negligence, Recklessness;

(5) Intentional Infliction of Emotional Distress; and

(6) Abuse of Process.

### III. <u>STANDARDS OF REVIEW</u>

**12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999).  In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Id.</u> (citation omitted).  The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id.</u> (citation omitted).  When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." <u>Owens-Illinois, Inc. v. Meade</u>, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

**Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted."  In ruling on a 12(b)(6) motion to dismiss, a court "must accept as

true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV. DISCUSSION

The Court finds that Wyatt and Nicholson are entitled to Eleventh Amendment immunity for 42 U.S.C. § 1983 claims asserted against them in their official capacities; that the West Virginia

Constitutional claims fail as a matter of law; and that the simple negligence claims against Wyatt and Nicholson are dismissed.

### A.   "Official Capacity" Claims Under 42 U.S.C. § 1983

In Count One, Plaintiff asserts that Defendants engaged in an illegal search and seizure under 42 U.S.C. § 1983.  Wyatt and Nicholson argue that they are entitled to immunity under the Eleventh Amendment with respect to claims in Count One against them in their official capacity.

The Eleventh Amendment provides, in pertinent part, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal Court."  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  "This immunity applies to . . . state employees acting in their official capacity."  Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).

While 42 U.S.C. § 1983 provides a federal cause of action for

alleged violations of an individual's constitutional right, it does not abrogate the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 338-345 (1979). Because Nicholson and Wyatt are State Police officers, they are entitled to Eleventh Amendment immunity in their official capacities. The Court, therefore, **GRANTS** the motion to dismiss in this respect and **DISMISSES** Count One against Nicholson and Wyatt to the extent that it asserts claims against them in their official capacities.

    B.    **West Virginia Constitutional Claims**

In Count Two, Plaintiff alleges that Defendants violated his rights under Article III, Sections 6 and 10, of the West Virginia Constitution. Article III, Section 6, provides:

> The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized.

Article III, Section 10, provides, "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

Defendants have moved to dismiss the state constitutional claims against them under both sections. The parties agree that under Fields v. Mellinger, 851 S.E.2d 789 (W. Va. 2020), Plaintiff

may not assert a claim for monetary damages under Section 6.  As such, the Court **GRANTS** the motion to dismiss in this respect.

The parties disagree as to whether Plaintiff may assert a claim under Section 10.  In the 1996 case of Hutchison v. City of Huntington, a landowner asserted a Section 10 claim against the city based on the city's delay in issuing him a building permit. 479 S.E.2d 649, 655 (W. Va. 1996).  The Supreme Court of Appeals wrote, without analysis, "There is no dispute among the parties that a private cause of action exists where state government, or its entities, cause injury to a citizen by denying due process. To suggest otherwise would make our constitutional guarantees of due process an empty illusion." Id. at 660.  The court ultimately did not decide whether the evidence was sufficient to establish the Section 10 claim because it found that liability was barred by the West Virginia Immunity Statute, W. Va. Code § 29-12A-5(a). Id.

Fourteen years later, in Fields, when the Supreme Court held that West Virginia does not recognize a private right of action for monetary damages for a violation of Section 6, the Court emphasized that alternative remedies for the plaintiff were available. Fields, 851 S.E.2d at 799.  The plaintiff's alternative remedies were evidenced by his assertion of state law claims of negligence in hiring, retention, and supervision; battery; and

outrageous conduct.  Id.  They were also evidenced by his federal claims under 42 U.S.C. §§ 1983 and 1985.  Id.  The court "[found] little guidance from the Hutchison opinion" to aid its decision, noting that Hutchison provided no analysis.  Id. at 793.

Two years later, the Supreme Court decided Stepp, in which the plaintiff, as the plaintiff has here, brought state Constitutional claims under Sections 6 and 10.  The Supreme Court held that "[c]laims for excessive force by police officers during the course of arrest, alleging a violation of West Virginia's Constitution, must be analyzed under the specific textual source of such protection, rather than as a broad, general claim under Article III, Section 10 alleging a violation of substantive due process."  Syl. Pt. 4, Stepp v. Cottrell, 874 S.E.2d 700 (W. Va. 2022).  The right to be free from excessive force during an arrest, investigatory stop, or other seizure is guaranteed by the search and seizure clause in Section 6, not by Section 10.  Id. at 704.

The court also noted that, like in Fields, alternative remedies were available for the plaintiff, citing Stepp's federal claims under 42 U.S.C. § 1983 and state law claims for battery and negligence.  Id. at 708.  The Stepp court acknowledged the Hutchison case but distinguished it, noting that Hutchison was based on procedural due process, while Stepp was based on substantive due process.  Id. at 704.

10

Case 1:23-cv-00083-TSK   Document 34   Filed 02/26/24   Page 11 of 12   PageID #: 174

**GOINES V. NICHOLSON ET AL.** 1:23-CV-83
**MEMORANDUM OPINION AND ORDER**
**GRANTING AMENDED PARTIAL MOTION TO DISMISS [ECF NO. 11]**

Here, in his response brief, Plaintiff has tried to salvage his Section 10 claim by arguing that it relates to procedural, as opposed to substantive, due process. The Court disagrees. The allegations in this case are like those in Stepp because they involve an alleged unlawful use of force. They are a far cry from the permitting issue in Hutchison that fell within the bounds of procedural due process. Stepp makes it clear that an unlawful use-of-force claim is to be analyzed under Section 6, not Section 10 — and West Virginia does not recognize a private cause action for monetary damages under Section 6.

Further, Plaintiff has alternative remedies here. The alternative remedies are evidenced by the federal claims he asserts under 42 U.S.C. § 1983. They are also evidenced by his state law claims of battery; negligence, gross negligence, and recklessness; intentional infliction of emotional distress; and abuse of process. For these reasons, Plaintiff's claim under Section 10 fails as a matter of law. The motion to dismiss is **GRANTED** in this respect, and Count Two is **DISMISSED**.

C.  **Qualified Immunity for Simple Negligence**

The parties agree that Nicholson and Wyatt (State Police officers) are entitled to qualified immunity with respect to the simple negligence claims. As such, the Court **GRANTS** the motion to dismiss in this respect and **DISMISSES** Count Four to the extent

that it alleges simple negligence against Nicholson and Wyatt.

## V.   CONCLUSION

For the reasons discussed above, the amended partial motion to dismiss is **GRANTED**. The Court **ORDERS** as follows:

- Count One is **DISMISSED,** to the extent that it asserts claims against Nicholson and Wyatt in their official capacities;

- Count Two is **DISMISSED** in its entirety; and

- Count Four is **DISMISSED** against Nicholson and Wyatt.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 26, 2024

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA